UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BELMONTE, JR.,<br><br>                  Plaintiff,<br><br>  v.<br><br>C/O PERRY, MAGGIE MILLER-STOUT and C. FITZPATRICK,<br><br>                  Defendants. | NO: 12-CV-0193-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss and Stay Discovery.  ECF No. 19.  This matter was heard without oral argument on January 2, 2013.  The Court has reviewed the relevant pleadings and supporting materials, and is fully informed.

BACKGROUND

Plaintiff Michael Belmonte Jr. is an inmate in the custody of the Washington Department of Corrections ("DOC") proceeding *pro se* and *in forma pauperis* on this civil rights matter.  Plaintiff claims that Defendants are liable under 42 U.S.C.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

§ 1983 for violating his First Amendment rights by not allowing him to leave his chemical dependency class to pray.  Presently before the Court is Defendants' Motion to Dismiss for failure to exhaust administrative remedies.  Defendants also argue Plaintiff has failed to properly allege the personal participation of Defendant Maggie Miller-Stout.

## FACTS

On March 26, 2012, Plaintiff submitted a Level O grievance, number 1206830, stating that he was denied the opportunity to "make prayer" for five minutes during his mandatory chemical dependency class.  ECF No. 20-1, Ex. C. The complaint was found "non-grievable" and Plaintiff submitted an appeal on April 16, 2012.  *Id*.  On appeal, the grievance coordinator asked for additional information on the precise complaint alleged by Plaintiff.  According to Defendants, no further rewrite or appeal was received.

On April 9, 2012, Plaintiff submitted another Level O grievance, number 1207837, again alleging that he was prohibited from "freely practicing [his] religion." ECF No. 20-1, Ex. D.  The complaint was again found non-grievable because it was repetitious of the previous grievance number 1206830.  *Id*.  Plaintiff appealed and was again asked to rewrite with additional information.  As requested, Plaintiff submitted additional information, at which point the complaint was accepted as a Level I grievance and investigated.  *Id*.  After investigation,

Plaintiff was denied the requested relief and provided with information about how to be placed on mandatory callout for the "Jumah prayer." *Id*. According to Defendants, although two additional Levels of grievance were available, Plaintiff did not file any further appeals on this issue.

Plaintiff filed the instant lawsuit on April 5, 2012.[1] ECF No. 1. After screening his Complaint, the Court found Plaintiff's allegations failed to state a claim upon which relief could be granted, and Plaintiff was granted leave to file his First Amended Complaint. ECF No. 11-12. Subsequently, the Court found that Plaintiff's First Amended Complaint failed to correct the identified deficiencies, and he was again granted leave to file a Second Amended Complaint. ECF No. 13-14. It is Plaintiff's Second Amended Complaint that Defendants challenge in the instant Motion to Dismiss. ECF No. 19. Despite receiving proper notice of the pending motion at the time it was filed, Plaintiff has not responded.

---

[1] Although not raised by Defendants, the Court notes that Plaintiff filed his initial Complaint on April 5, 2012, before he filed an appeal of his first grievance on April 16, 2012 (1206830), and before he filed his second grievance on April 9, 2012. Under Ninth Circuit law, exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of action. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

DISCUSSION

**A. Failure to Exhaust Administrative Remedies**

The burden is on the defendant to prove plaintiff failed to exhaust available administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). A motion challenging a prisoner's failure to exhaust administrative remedies is properly brought as an unenumerated 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Pursuant to Ninth Circuit law, in deciding a motion to dismiss for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt*, 315 F.3d at 1119 (internal citations omitted). However, if the district court looks beyond the pleadings, the court must ensure plaintiff received fair notice of his opportunity to develop a record. *Id*. at n. 14.

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, prisoners are required to exhaust all available administrative remedies prior to filing a lawsuit. *Jones*, 549 U.S. at 211. The Supreme Court has held that an inmate is required to exhaust administrative

remedies regardless of what form of relief they are seeking in their complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Further, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The grievance procedure available to inmates incarcerated in Washington's prisons allows inmates to file a grievance for many issues, including: the existence, application, or absence of DOC policies, rules and procedures; the actions of staff; the actions of other offenders; retaliation for filing grievances, and physical plant conditions. Curl Decl., ECF No. 20-1 at ¶ 4. The grievance procedure consists of four levels of review. *Id*. at ¶ 6. At Level 0, the "complaint or informal level," the grievance coordinator pursues informal resolution. *Id*. Routine and emergency complaints accepted as "formal" are then processed at Level I (except complaints alleging staff misconduct which begin at Level II). Level I grievances are against policy, procedure, or other offenders, and the local grievance coordinator is the respondent. Inmates may appeal Level I grievances to Level II. All Level II grievances are investigated and the prison superintendent is the respondent. Inmates may appeal all Level II responses, except emergency grievances, to Level III which are reinvestigated by Department Headquarters. Offenders have five (5)

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

working days from the day they receive a response to appeal Level I and II grievances. *Id*. at ¶ 7.

Plaintiff's Second Amended Complaint alleges that grievance coordinator Fitzpatrick denied his request to "make prayer" on seven different occasions and was given "the proverbial run around" on his grievance. ECF No. 14. Defendants offer evidence of two grievances filed by Plaintiff. The first grievance, number 1206830, was a Level O grievance that was found non-grievable, appealed, and returned to Plaintiff with the direction to rewrite with additional information where and in what manner he was refused the opportunity to pray. ECF No. 20-1, Ex. C. There is no evidence in the record that Plaintiff submitted a rewrite or appeal on this grievance. The second grievance, number 1207837, was a Level O grievance with a similar complaint, which was found non-grievable, appealed, rewritten, and subsequently accepted as a Level I grievance. ECF No. 20-1, Ex. D. The grievance was investigated and Plaintiff did not receive his desired remedy. *Id*. Plaintiff could have appealed this finding to Level II but there is no evidence that he did so.

In point of fact, Plaintiff failed to respond to Defendants' motion to dismiss for failure to exhaust administrative remedies, despite receiving proper written notice informing him of his opportunity to provide additional evidence that he had in fact exhausted administrative remedies. ECF No. 22. The record before the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

Court indicates that two additional levels of appeal were available to Plaintiff pursuant to the guidelines, but there is no evidence that Plaintiff appealed the adverse findings on either of his grievances to Level II or Level III. *See Woodford v. Ngo*, 548 U.S. 81, 95 (2006) (plaintiff must exhaust administrative remedies pursuant to system's procedural rules).[2]  Thus, the Court finds Defendants have satisfied their burden to demonstrate that Plaintiff failed to exhaust administrative remedies.

As a final matter, Defendants ask the Court to dismiss Plaintiff's claim with prejudice.  Defendants argue that Plaintiff has already had the opportunity to exhaust his exhaust his administrative remedies and cannot do so, thereby making dismissal with prejudice the "logical remedy." ECF No. 20 at 10.  However, the Ninth Circuit has repeatedly held that "failure to exhaust administrative remedies is

---

[2] Moreover, pursuant to Local Rule 7.1(c), a civil pro se litigant shall have thirty (30) days after the date the dispositive motion was mailed to serve and file a responsive memorandum.  The failure to timely file a memorandum of points and authorities in opposition to this motion may be considered by the Court as consent by Plaintiffs to the entry of an Order adverse to them.  Local Rule 7.1(e).  As indicated above, Plaintiff has filed no response to either of Defendants' Motions to Dismiss.  The Court considers this failure as Plaintiff's consent to entry of an Order dismissing his lawsuit.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

properly treated as a curable defect and should generally result in a dismissal without prejudice." *See e.g., City of Oakland, Cal. V. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009). The Court declines to depart from this general rule in this case, and dismisses the unexhausted claims without prejudice.

### B. Failure to Allege Personal Participation of Defendant Miller-Stout

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a [plaintiff's] claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). A complaint which offers mere "labels and conclusions" or which merely pleads a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts which, when taken as true, state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The requisite causal connection can be shown by direct personal participation in the action or "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743-44; *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (causation inquiry must be individualized and focus on the responsibilities of each defendant alleged to have caused the deprivation). Specifically, the Ninth Circuit has held that supervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others. *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000).

The only allegation against Defendant Miller-Stout is that she failed to post some sort of notice presumably related to praying, which caused her "underlings" to be "wishy-washy as to who can pray and [sic] isn't allowed to." ECF No. 14. Defendants argue that Plaintiff fails to allege that Defendant Miller-Stout had any knowledge of the facts underlying Plaintiff's Complaint, or any legal duty to post information regarding Plaintiff's ability to pray at certain times in certain places, and thus the claims against Defendant Miller-Stout should be dismissed. The

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9

1  Court agrees. Plaintiff offers no evidence that Defendant Miller-Stout personally
2  participated in, or had any causal connection to, the constitutional violation alleged
3  by Plaintiff. Thus, the claims against Defendant Miller-Stout are dismissed.

### C. Revocation of *In Forma Pauperis* Status

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, ECF No. 19, is **GRANTED** without prejudice.
2. Defendants' Motion to Stay Discovery is **DENIED** as moot.
3. Plaintiff's *in forma pauperis* status is **REVOKED.**

1  The District Court Executive is hereby directed to enter this Order, enter

2  Judgment accordingly, provide copies to the parties, and **CLOSE** the file.

3      **DATED** this 14th day of January, 2013.

4                        *s/ Thomas O. Rice*

5                      THOMAS O. RICE
               United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 11